UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZENOBIA AND ELTON DOUCETTE | CIVIL ACTION |
| VERSUS | NO: 17-6500 |
| GLAXOSMITHKLINE, LLC | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 8)** filed by Defendant, GlaxoSmithKline, LLC. Plaintiffs, Zenobia Doucette and Elton Doucette, oppose the motion. The motion, noticed for submission on September 20, 2017, is before the Court on the briefs without oral argument.

In February 2016, plaintiff Zenobia Doucette was prescribed mupirocin (brand name Bactroban®). (Rec. Doc. 1, Comp. ¶ 17). She filled the prescription. On August 5, 2017, Ms. Doucette received a letter informing her that the drug was being recalled due to contamination during the manufacturing process. (*Id.* ¶ 18). Ms. Doucette claims significant personal injuries in light of the contaminated drug. Mr. Doucette claims damages for loss of consortium. (*Id.* ¶ 29).

Via the instant motion Defendant GlaxoSmithKline, the drug's manufacturer, moves to dismiss three of Plaintiffs' four theories of liability under the Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2800.51, *et seq.* Defendant contends that the factual allegations do not support a claim for liability under any LPLA theory other

than for defect in construction or composition.

Defendant also moves to dismiss any claims based on non-LPLA grounds (with the exception of redhibition). Defendant argues that the LPLA provides the exclusive theories of liability vis à vis a manufacturer.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations.

Id. (quoting Iqbal, 129 S. Ct. at 1950).

In Louisiana, the LPLA limits a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002) (citing La. R.S. § 9:2800.52). Therefore, Defendant's motion will be GRANTED as to any claims based on non-LPLA legal theories, with the exception of res ipsa loquitur, which in some limited circumstances may apply to LPLA claims.

Defendant's motion will be DENIED, however, as to any LPLA theories of recovery. Although the Court agrees that the factual allegations in the Complaint strongly suggest that the defect in construction/composition theory of the LPLA is most applicable in this case, the Court is persuaded that Defendant's challenges to the viability of any other LPLA theories would be best handled via a well-supported motion for summary judgment once discovery is complete.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 8)** filed by Defendant, GlaxoSmithKline, LLC is **GRANTED IN PART AND DENIED IN PART** as explained above.

September 20, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE